J-S08029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRANDON VAUGHN SWEITZER | : | |
| | : | |
| Appellant | : | No. 1307 MDA 2020 |

Appeal from the PCRA Order Entered September 9, 2020,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0007445-2017.

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 15, 2021**

Brandon Vaughn Sweitzer appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  Additionally, Sweitzer's court-appointed PCRA counsel has filed a motion for leave to withdraw from representation, as well as a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We grant counsel's motion to withdraw and affirm the PCRA court's order denying post-conviction relief.

The pertinent facts and procedural history have been summarized as follows:

---

[*] Former Justice specially assigned to the Superior Court.

On the evening of September 16, 2016, Sweitzer, C.F., Jennifer Rohrbaugh ("Rohrbaugh"), and two of Sweitzer's friends gathered at Rohrbaugh's home in Manchester, Pennsylvania, for a bonfire and some alcoholic drinks. Around midnight, C.F. and Rohrbaugh went inside the home to sleep. C.F. slept in Rohrbaugh's guest room. Sweitzer and his two friends went to a local bar for a couple of hours, then returned to Rohrbaugh's home. At some point in the night, Sweitzer entered the room in which C.F. was sleeping, and engaged in sexual relations with C.F.

The next morning, C.F. left Rohrbaugh's home, drove to a nearby Rutter's convenience store, called 911, and told police that she had been sexually assaulted by Sweitzer the previous night. Sweitzer was subsequently charged with rape and sexual assault.

***Commonwealth v. Sweitzer***, 227 A.3d 397 (Pa. Super. 2020), non-precedential decision at 1 (footnotes omitted).

At Sweitzer's jury trial, the Commonwealth called Ms. Rohrbaugh as a witness. She testified briefly as to the facts leading to the incident at issue, and then testified she accompanied Sweitzer when he originally met with trial counsel. According to Ms. Rohrbaugh, during this meeting Sweitzer admitted that he assaulted C.F. Trial counsel cross-examined Ms. Rohrbaugh regarding whether such an admission in fact occurred. **See** N.T., 1/16/19, 350-61. As part of his defense, Sweitzer testified that he never told anyone that the sex he had with C.F. was non-consensual. **See** N.T., 1/17/19, at 491-92. In addition, trial counsel took the witness stand and denied that any such statement was made by Sweitzer during his meeting with Sweitzer and Ms. Rohrbaugh. **See** N.T, 1/17/19, at 524-31.

The jury found Sweitzer guilty of the above-mentioned offenses. The trial court sentenced Sweitzer to five to ten years in prison. Sweitzer filed a timely appeal to this Court. On February 7, 2020, this Court rejected his claim regarding C.F.'s sequestration and affirmed his judgment of sentence. *See Sweitzer*, *supra*. Sweitzer did not seek further review.

On April 21, 2020, Sweitzer filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on August 7, 2020. On August 19, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Sweitzer's PCRA petition without a hearing. Sweitzer did not file a response. By order entered September 9, 2020, the PCRA court denied Sweitzer's petition. This timely appeal followed. Both Sweitzer and the PCRA court have complied with Pa.R.A.P. 1925.

On December 22, 2020, PCRA counsel filed an application to withdraw as counsel and a brief pursuant to the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel did not attach to his application to withdraw a copy of a "no-merit" letter pursuant to *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006). We therefore directed counsel to send Sweitzer a letter pursuant to *Friend*. Counsel filed a response, but the *Friend* letter contained incomplete advice. We therefore directed counsel to again provide a copy of the application to withdraw and no-merit letter. Thereafter, counsel fully complied with our directive.

We first address PCRA counsel's motion to withdraw. Pursuant to *Turner/Finley*, *supra*, before seeking leave to withdraw, a criminal defendant's counsel must review the record to determine if any meritorious issue exists. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that such review by counsel requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id*. (citation and brackets omitted). Further, PCRA counsel seeking to withdraw from representation in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (1) a copy of both the "no-merit" letter, and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. *Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Upon review, we conclude that PCRA counsel has substantially complied with the ***Turner/Finley*** requirements as set forth above. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the ***Turner***/***Finley*** criteria). We now independently review the claims Sweitzer wished to raise on appeal.

In his Rule 1925(b) statement, Sweitzer alleged the following:

I.   The [PCRA] court erred and abused its discretion by dismissing [Sweitzer's] PCRA petition without a hearing and finding that [his] trial counsel was not ineffective for failing to object to witness Rohrbaugh's testimony and request a mistrial?

II.  The [PCRA] court erred and abused its discretion by dismissing [Sweitzer's] PCRA petition without a hearing and finding that [his] trial counsel was not ineffective for failing to lodge a timely objection on the record and request a mistrial for having to testify as a defense witness at trial.

Rule 1925(b) Statement, 10/30/20, at 1 (excess capitalization omitted).

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

- 5 -

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." ***Commonwealth v. Begley***, 780 A.2d 605, 635 (Pa. 2001) (quoting ***Commonwealth v. Pettus***, 424 A.2d 1332, 1335 (Pa. 1981). ***See also Commonwealth v. Clark***, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence).

Sweitzer claims that the PCRA court erred in dismissing, without a hearing, his two claims of ineffective assistance of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable

adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009).

"Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

Sweitzer first claims that trial counsel was ineffective for failing to object to Ms. Rohrbaugh's testimony at trial and for failing to move for a mistrial. "Questions regarding the admission of evidence are left to the sound discretion of the trial court, and we, as an appellate court, will not disturb the trial court's rulings regarding the admissibility of evidence absent an abuse of that discretion." ***Commonwealth v. Pukowsky***, 147 A.3d 1229 (Pa. Super. 2016) (citation omitted).

In its Rule 907 notice, the PCRA court explained the factual background regarding this claim and why it lacked merit:

> [Sweitzer] contends that [trial counsel] was ineffective for failing to request a new trial and place objections to [Ms.] Rohrbaugh's testimony on the record. [He] claims this contention has arguable merit due to surprise.
>
> Contrary to [Sweitzer's] contention, there was no unfair surprise in this case. "[T]he Commonwealth does not violate disclosure rules when it fails to turn over evidence it does not possess and of which it is unaware." [**Commonwealth v. Boczkowski**, 846 A.2d 75, 97 (Pa. 2004)] (citation omitted). In the instant case, the testimony of [Ms.] Rohrbaugh that she was with [Sweitzer] and [trial counsel] when [Sweitzer] admitted that the sexual intercourse he had with [C.F.] was non-consensual is inculpatory in nature. The Commonwealth disclosed this information from [s.] Rohrbaugh to the [trial court] and to [trial counsel] as soon as they learned of it, which happened to be the morning of the third day of trial. As a result, there was no violation of any rule of disclosure by the Commonwealth, there was no reason to "remedy" the matter, and the [trial court] properly allowed Ms. Rohrbaugh's testimony on the matter.
>
> Moreover, through effective cross-examination, [trial counsel] discredited [Ms.] Rohrbaugh on this matter by getting her to repeatedly admit that despite the meeting (wherein [Sweitzer] allegedly made this admission) taking place prior to her speaking with [the police detective]. Ms. Rohrbaugh failed to mention this admission to the [detective] either at that time, or at any other time prior to the third day of the trial. The fact that [trial counsel] testified himself that he was the attorney present during this meeting where [Sweitzer] allegedly made this admission, and that [Sweitzer] did not make such an admission, further discredited Ms. Rohrbaugh's late claim. Hence, it was beneficial to [Sweitzer] for [trial counsel] to testify as a fact witness on his behalf. Given the foregoing, this contention does not have arguable merit and there was no undue prejudice to [Sweitzer] from allowing Ms. Rohrbaugh to testify in regard to this matter.

Rule 907 Notice, 8/19/20, at 2 (citations omitted).

In his ***Turner***/***Finley*** brief, PCRA counsel agrees that no discovery violation occurred, and that Ms. Rohrbaugh's testimony was properly admitted. In addition, PCRA counsel opines that "it is clear from the record that trial counsel made a strategic decision to thoroughly cross-examine [Ms.] Rohrbaugh and testify as a fact witness to rebut her allegations." ***Turner***/***Finley*** Brief at 12.

Our review of the record supports the conclusions of the PCRA court and PCRA counsel that Sweitzer's first claim of ineffectiveness lacks arguable merit.

In his second ineffectiveness claim, Sweitzer essentially asserts that "[the] dual roles that [trial counsel] undertook, as both advocate and fact witness, compromised his ability to adequately represent him." Rule 907 Notice, 8/19/20, at 3.

The PCRA court found this claim lacked arguable merit. The court first noted that the claim was undeveloped because Sweitzer failed to cite any case authority to support his contention. Nevertheless, the PCRA court cited case law stating, "[I]t is well settled that even an attorney acting as an advocate at trial is competent to testify on his client's behalf." ***Id.*** (citing ***Commonwealth v. Willis***, 552 A.2d 682, 695 (Pa. Super. 1988).

After citing Rule 3.7(a) of the Pennsylvania Rule of Professional Conduct which, does not forbid an attorney's appearance as fact witness in all instances, the court explained:

> In the instant case, whether or not [C.F.] consented was at the heart of the charges against [Sweitzer]. The only people privy to the initial meeting [Sweitzer] had with [trial counsel] was [Sweitzer], Ms. Rohrbaugh, and [trial counsel]. Ms. Rohrbaugh testified that [Sweitzer] admitted at that meeting that the sex he had with [C.F.] was non-consensual. Conversely, [Sweitzer] testified that he never told anyone that the sex was non-consensual.

> [Trial] counsel was questioned by another attorney, and testified that during the initial consultation with [Sweitzer], [Sweitzer] never said that the sex he had with [C.F.] was non-consensual. This testimony by [trial counsel] was consistent with [Sweitzer's] defense (that he did have sexual relations with [C.F.], but that it was consensual) and was therefore valuable impeachment testimony for [Sweitzer]. As a result, had the [trial court] prevented [trial counsel] from testifying, the defense would have been denied the opportunity to possibly sway the jury into believing that [Sweitzer] had not, in fact, admitted that the sex was non-consensual.

> Moreover, the occasion for [trial counsel's] need to testify arose on the third day of a five-day trial. In addition, [trial counsel] was the next to last witness to testify ([the Commonwealth called a rebuttal witness]). Hence, a new attorney would have had to familiarize himself with a complete trial record prior to questioning the Commonwealth's witness on rebuttal and giving [Sweitzer's] closing argument to the jury.

Rule 907 Notice, 8/19/20, at 4 (citation omitted).

The PCRA court further noted that prior to trial counsel taking the stand to testify, the trial court engaged in a thorough colloquy with Sweitzer and, after further consultation with trial counsel, Sweitzer informed the court that he wanted trial counsel to both testify on his behalf and continue to represent him at trial. *See id.* at 4-6. The PCRA court then concluded:

> Given the foregoing, it was in [Sweitzer's] best interest for [trial counsel] to testify on [Sweitzer's] behalf, and it also

would have been a substantial hardship on [Sweitzer] to disqualify his attorney. Therefore, this contention does not have arguable merit, and there is no prejudice to [Sweitzer].

*Id.* at 6.

PCRA counsel opines that, given the PCRA court's conclusions, Sweitzer "cannot show that trial counsel's course of conduct was not designed to advance his best interests, or that he suffered prejudice as a result." *Turner*/*Finley* Brief at 14. Our review of the record supports these conclusions. Thus, Sweitzer's second ineffectiveness claim fails.

In sum, because a review of the record supports the PCRA court's conclusion Sweitzer's claims of ineffectiveness are meritless, the court correctly denied his PCRA petition without first holding an evidentiary hearing. We therefore affirm the order denying Sweitzer post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2021